UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
CONSORTIA GRAN EVENTO PERU 2019,                          :
                                                          :
                          Petitioner,                     :
                                                          :
              -v-                                         :          26 Civ. 3244 (JPC)
                                                          :
OFICINA DE LAS NACIONES UNIDAS DE                         :               ORDER
SERVICIOS PARA PROYECTOS,                                 :
                                                          :
                          Respondent.                     :
                                                          :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    Earlier today, Petitioner Consortia Gran Evento Peru 2019 ("CGEP") initiated this action against Respondent Oficina de las Naciones Unidas de Servicios para Proyectos ("UNOPS"), seeking to stay arbitration proceedings between CGEP and UNOPS. Dkt. 1 ("Petition"). While the Petition is labelled an "Emergency Petition for Stay of Arbitral Proceedings," *id.* at 1, and it discusses the factors a court generally weighs in deciding whether to issue an emergency order, *id.* ¶¶ 36-42, CGEP has not yet filed a motion seeking emergency relief.

    The Petition asserts that "[t]he relief sought is grounded in 9 U.S.C. §§ 2, 3, 7, and 206 of the Federal Arbitration Act ('FAA'), Article V(1)(b) of the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the 'New York Convention'), and the United States Supreme Court's decision in *Smith v. Spizzirri*, 601 U.S. 472 (2024)." *Id.* ¶ 2. None of these sources of authority appears to support Petitioner's request to stay proceedings.

    First, 9 U.S.C. §§ 2 and 7 have no application here. In relevant part, 9 U.S.C. § 2 provides only that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in chapter 4 [of the FAA]." Similarly inapposite, 9 U.S.C. § 7 only allows a district court to compel

testimony or documents from any person who has neglected or refused an arbitrator's summons. *Cf. In re Sec. Life Ins. Co. of Am.*, 228 F.3d 865, 871 (8th Cir. 2000) (describing a party's "attempt to transform [9 U.S.C. § 7] into a requirement that the district court second-guess [an arbitral] panel's judgment" on evidentiary disputes as "misleading at best").

Second, 9 U.S.C. § 3 and the Supreme Court's decision in *Smith* both concern a district court's authority to stay *court proceedings* in favor of arbitration—not a court's power to stay arbitration. *See Smith*, 601 U.S. at 478 ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding."). Although "[f]ederal courts generally have remedial power to stay arbitration" pursuant to an unenforceable arbitration agreement, *Goldman, Sachs & Co. v. Golden Empire Schs. Fin. Auth.*, 764 F.3d 210, 213 (2d Cir. 2014), such a stay may be granted only when there is an independent reason for its issuance. *See Catalina Worthing Ins., Ltd. v. NEM-RE Receivables, LLC*, 759 F. Supp. 3d 453, 457 n.2 (S.D.N.Y. 2024) (explaining that "a district court [does not have] plenary authority to stay an arbitration" (citing *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 131 (2d Cir. 2015)). Here, even assuming that there is no enforceable arbitration agreement between CGEP and UNOPS, CGEP has not shown that UNOPS has committed a legal violation for which the proper remedy is a stay of arbitration.

Third, Article V(1)(b) of the New York Convention, by its own terms, concerns reasons that "[r]ecognition and enforcement of [an] award may be refused." No final award of an arbitrator has been issued in the underlying arbitration, nor has UNOPS sought to enforce any such award, so Article V(1)(b) of the New York Convention has no bearing on the present dispute.

Finally, CGEP's invocation of 9 U.S.C. § 206, which allows a district court to "direct that arbitration be held in accordance with [an] agreement," is somewhat confounding in light of the fact that CGEP elsewhere argues that "[n]either the original Contract [between the parties] nor any

subsequent amendment contains an arbitration clause," Petition ¶ 45.  In any event, CGEP reaches too far in arguing that 9 U.S.C. § 206 grants courts broad authority to "take action to ensure the arbitral process conforms to the parties' agreement."  *Id.* ¶ 11.  In the parallel context of 9 U.S.C. § 4, which allows courts to "direct[] that [an] arbitration proceed in the manner provided for in such agreement," the Supreme Court has held that "procedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (internal quotation marks omitted)). CGEP has not explained why the same is not true of 9 U.S.C. § 206.

No later than May 5, 2026, CGEP must submit a letter stating whether it wishes to proceed with this action in light of the apparent deficiencies discussed above, and if so, whether it intends to amend its Petition.  By April 22, 2026, CGEP also must serve UNOPS with the Petition and a copy of this Order and file proof of service on the docket.  On May 12, 2026, at 4:30 p.m., the Court will hold a conference to discuss next steps in this case.  At the scheduled time, counsel for all parties should call (855) 244-8681, access code 2302 755 2307.

SO ORDERED.

Dated: April 21, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

3